Singleton, Judge:
This claim was filed before this Court on November 14, 1967, and set down for hearing on the regular hearing docket for the 15th day of May, 1968. At that time evidence on behalf of the claimant was offered. The witness for the respondent was unavailable and by agreement with counsel for the claimant, this Court continued the matter until the 24th day of May, 1968, for the purpose of respondent presenting its evidence. This evidence was taken on the 24th day of May, 1968, and the case submitted.
The evidence discloses • that the claimant was traveling on Sunday, October 22, 1967, in her 1963 Rambler automobile from her home in Whitmans, West Virginia, to Logan, West Virginia, for the purpose of attending church. She was accompanied by her two grandchildren, both teenagers, and was driving on U.S. Route 119, near the outskirts of Logan, the route commonly being known as the “Boulevard.” The roadway in question is a four lane highway at this point with a median strip dividing the two north bound lanes from the two south bound lanes. Claimant was operating her vehicle in the right hand lane of the two south bound lanes and was proceeding at an approximate speed of 35 miles per hour. The evidence further discloses that approximately four to six feet from the edge of the right hand lane there is a precipitous rock cliff approximately 150 feet in height and that above this the ground slopes back up the mountain.
*118 The evidence of both claimant and respondent discloses that from time to time rock slides occurred at this point from loose material, rock and dirt coming off the mountain above the cliff and on occasion some rocks dropping from the cliff face itself. On the day in question, claimant noticed many small rocks had fallen across both lanes of the roadway but these rocks did not make the road impassable. As she approached the fallen rocks a large rock fell from the hillside landing approximately ten feet in front of her automobile, she was unable to stop to avoid striking the rock and her car ran upon this rock and severly damaged her vehicle. The automobile had to be jacked up off the rock. The evidence further discloses that there were no signs erected along the highway at this point cautioning motorists to beware of falling rock or of rock slides, even though the State Road Commission had knowledge of slides occurring in this vicinity over the past several years and their maintenance crews had always cleaned up the debris in each instance. At least one vehicle had been struck by falling rock and the occupant injured within the past three or four years. On other occasions the entire four lanes of the highway had been blocked by slides and traffic had to be re-routed. On cross-examination, counsel for the claimant elicited from the respondent’s witness, the County Road Supervisor at the time of the accident, that this falling rock and debris on the road could be prévented by further clearing of the hillside above the rock cliff, that this type of work was beyond the normal maintenance functions of the county road crew, but that no work had ever been done to his knowledge to eliminate the hazard nor were there any signs warning of this hazard erected as of the date of the accident in question. Repairs to the automobile of the claimant totaled $247.07, and this amount appears from the various estimates submitted to this Court, and not disputed, to be a reasonable and necessary amount.
Upon the record of the evidence before this Court, it would appear that the opinion of the Supreme Court of Appeals of West Virginia, in the recent case of State ex rel. Robert Vincent vs. Denzil Gainer, Auditor of the State of West Virginia, 158 S. E. 2d 145, (1967) is controlling on the issue of negligence. It would appear that the basis of negligence in the instant case is comparable to the showing in the Vincent case in that rock and debris located at an elevation of the side of the. highway *119 where this accident occured and because of climatic and weather conditions from time to time had been falling upon the highway travelled by the public, and at the place in question rock and debris had fallen from time to time on occasion blocking the highway. Notwithstanding these facts, no safety measure or remedial construction work whatsoever was undertaken by the State Road Commission or its employees according to the record. The evidence further shows that no warning signs had been placed near this location and does not show any protection provided, other than patrolling for the removal of fallen debris, or any effort on the part of the State Road Commission to remove remaining debris and rock on the hillside above the cliff which were likely to fall and did from time to time fall. The evidence further indicates that the claimant was travelling at a reasonable rate of speed and there is no indication of any negligent act on her part, which, if present, would perhaps be a defense to a finding by this Court of a moral obligation.
Upon consideration of the claimant’s petition, the exhibits filed, the record of evidence made in this case, and the statement of counsel for the respective parties, this Court is of the opinion that this claim is within the jurisdiction of this Court and that a preponderance of the evidence sustaines the allegations of claimant’s petition as constituting a valid claim against the State of West Virginia, which in equity and good conscience should be paid. Accordingly, it is the judgment of this Court that the claimant, Katherine Chatfield, should recover the sum of $247.07 and she is hereby awarded this amount.